Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4216 | **DATE** | 7/31/2001 |
| **CASE TITLE** | Thomas J. Brogan vs. Board of Education, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the na of the motion being presented.]

Defendant Hartung's motion to dismiss plaintiff's first amended complaint

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, Hartung's Ru 12(b)(6) motion is also denied, and she too (like Board, the denial of whose motion to dismiss has bee reconfirmed here) is ordered to answer the First Amended Complaint on or before August 10. Hartung counsel will also be expected to appear at the time of the previously scheduled 9 a.m. August 22 statu hearing.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 01 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL 31 PM 3: 22 | 7/31/2001 | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. BROGAN, )
)
Plaintiff, )
)
v. ) No. 01 C 4216
)
BOARD OF EDUCATION of the CITY OF )
CHICAGO, a body politic and corporate, )
NETTLEHORST LOCAL SCHOOL COUNCIL, SUSAN )
KURLAND, Ph.D., and MARY PAT HARTUNG, )
individually, )
)
Defendants. )

DOCKETED
AUG 0 1 2001

## MEMORANDUM OPINION AND ORDER

This Court's brief July 30, 2001 memorandum opinion and order ("Opinion") rejected the motion of Chicago School Reform Board of Trustees ("Board"), one of the four defendants in this 42 U.S.C. § 1983 ("Section 1983") action, for its dismissal from the First Amended Complaint ("FAC") brought by Thomas Brogan ("Brogan"). Two deliveries to this Court's chambers later the same day -- a newly-issued opinion from our Court of Appeals and another defendant's proposed motion for dismissal under Fed. R. Civ. P. ("Rule") 12(b)(6) -- have occasioned the issuance of this further memorandum opinion and order.

As to the first of those new arrivals, which provides another instance of the serendipity that is encountered in the judging business with surprising frequency, the weekly package of slip opinions from our Court of Appeals included Horwitz v. Board of Educ., No. 00-4271, slip op. (7th Cir. July 26, 2001), which bears

significantly on Brogan's claims against Board and the other defendants. Horwitz (like this case) included a Section 1983 claim by a teacher (slip op. at 22-26), and it too (like this case) sought to advance that claim under the auspices of the First Amendment (made applicable to state actors via the Fourteenth Amendment). To the extent that Horwitz is relevant to this case, it has repeated these teachings:

1. Slip op at 25, citing Duda v. Board of Educ., 133 F.3d 1054, 1061 (7th Cir. 1998), has reconfirmed this basic proposition:

    > Deciding whether a specific official has final policy making authority is a question of state law.

2. Slip op. at 25 also quoted Duda, id. as negating any "infer[ence] that a superintendent or principal has been delegated policymaking authority with respect to personnel decisions."

3. Slip op. at 25-26 has restated the basic proposition that no Section 1983 claim against a school board may be based on respondeat superior principles (citing for that purpose Smith v. Chicago Sch. Reform Bd. of Trs., 163 F.3d 1142, 1148 (7th Cir. 1999), which was in turn based on the underpinning of the definitive Monell decision[1]).

---

[1] Opinion at 1 had of course acknowledged that fundamental principle.

2

All of those teachings are set out here solely for informational purposes, for none of them affects the Opinion's holding that Board must stay in this lawsuit. As Opinion at 3 points out, for Rule 12(b)(6) purposes Brogan has adequately alleged Board's direct responsibility within the bounds of Monell.

Nor does the case law exemplified by Horwitz support the newly-tendered motion to dismiss submitted by Nettelhorst Local School Council Chairman-President Mary Pat Hartung ("Hartung") (see FAC ¶ 6). When the FAC's allegations are taken as true, as they must be at this point, Hartung must be viewed as a policymaker subject to Section 1983 liability (parenthetically, a statement that is equally applicable to the other individual co-defendant, Principal Susan Kurland). Unlike the situation in Horwitz, what is at issue here is not a personnel decision such as the right to fire, but rather what Brogan describes in FAC ¶ 12 as "harassing and unfounded discipline" (and see also FAC ¶ 16) to which he says he was subjected in retaliation for his asserted exercise of First Amendment rights -- and at this threshold stage of the case, the decisionmaking right to impose such disciplinary action may be viewed under the FAC allegations as vested in personnel at an institutional level below that of Board itself.

In that respect, something more should be added about the flawed emphasis in Hartung's Rule 12(b)(6) motion on the absence of fact pleading in the FAC -- a flaw already addressed in the Opinion

3

as to Board's similarly misdirected criticism. In this instance Hartung's motion at 5 compounds that wrongful insistence by citing as purported authority a Seventh Circuit opinion that antedated the Supreme Court's <u>Leatherman</u> teaching (see Opinion at 2), issued at a time when our Court of Appeals was itself applying an incorrect fact-insistent standard on pleadings. Indeed, Hartung's Motion at 4 commits the more egregious error of citing and quoting from <u>Wright v. Illinois Dep't of Children & Family Servs.</u>, 40 F.3d 1492, 1500 (7th Cir. 1994) -- a summary judgment case, not one resolved at the pleading stage -- as purported support for plaintiff's need to produce "specific, non-conclusory allegations." Responsible counsel ought to know better.

Hartung's motion at 3-4 also attacks the sufficiency of Brogan's FAC because it does not contain any temporal allegations, an issue that Board's Motion at 5-6 had also addressed, but from the mistaken perspective of an asserted deficiency in the FAC's factual allegations. Both defendants' contentions again betray a fundamental misunderstanding of Rule 12(b)(6) principles, which it will be remembered call for sustaining a complaint if any set of facts may be proved consistently with the allegations that will keep plaintiff in court (<u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)). Timely filing of a Section 1983 action is not a jurisdictional requirement, so that the absence of time-based allegations in the FAC is not at all fatal (though it does create

4

a bit of delay in obtaining that detailed information, which should be forthcoming under the advance disclosure requirements of Rule 26(a)). What both defense counsel have failed to think through is that the two year statute of limitations on their Illinois-based Section 1983 actions is an <u>affirmative</u> <u>defense</u> under Rule 8(c), rather than constituting a precondition to suit.

Finally, Hartung's counsel inveighs against the FAC's prayer for punitive damages. That too comes at the issue from the same warped belief that, as is true under Illinois state court procedure, a complaint must allege facts. Here FAC ¶ 18 asserts "reckless or careless indifference," and that is enough at this stage of the game.

In summary, Hartung's Rule 12(b)(6) motion is also denied, and she too (like Board, the denial of whose motion to dismiss has been reconfirmed here) is ordered to answer the FAC on or before August 10. Hartung's counsel will also be expected to appear at the time of the previously scheduled 9:00 a.m. August 22 status hearing.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: July 31, 2001

---

[2] Both Board and Hartung are represented here by members of Board's General Counsel staff. With all respect, this Court suggests the need for some in-office continuing legal education, to eliminate the need for judges or opposing counsel or both to scotch such basic errors as have been dealt with in the Opinion and here.

5