*Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4216 | **DATE** | 7/30/2001 |
| **CASE TITLE** | Thomas J. Brogan vs. Board of Education, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

City of Chicago's motion to dismiss

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Board's motion is denied, and it is ordered to answer the First Amended Complaint on or before August 10. This Court will retain the previously scheduled 9 a.m. August 22 status hearing.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | AUG 01 2001 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 7/30/2001 |
| | | | date mailed notice |
| SN | courtroom deputy's initials | | SN |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. BROGAN,            )
                             )
            Plaintiff,       )
                             )
      v.                     )   No. 01 C 4216
                             )
BOARD OF EDUCATION of the CITY OF )
CHICAGO, a body politic and corporate, )
NETTLEHORST LOCAL SCHOOL COUNCIL, SUSAN )
KURLAND, Ph.D., and MARY PAT HARTUNG, )
individually,                )
                             )
            Defendants.      )

DOCKETED
AUG 0 2 2001

MEMORANDUM OPINION AND ORDER

Thomas Brogan ("Brogan") has brought a 42 U.S.C. § 1983 ("Section 1983") action against two entity defendants and two individual defendants: Chicago School Reform Board of Trustees ("Board"), the Nettlehorst Local School Council ("Council"), the Principal of Nettlehorst School and Council's Chairman-President. Board has just tendered -- to be presented on August 1 -- its Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss Brogan's Amended Complaint ("AC"), asserting that it is impermissibly sued on respondeat superior grounds in violation of the principle announced in the seminal decision in Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691 (1978). For the reasons briefly stated in this memorandum opinion and order, Board's motion is denied and it is ordered to answer the AC.

For too long a period our Court of Appeals' opinion in Strauss v. City of Chicago, 760 F.2d 765 (7th Cir. 1985) had created a Catch-22 situation in which, to stay in court in the face of a

Rule 12(b)(6) motion, a plaintiff had to allege specific facts to support a Section 1983 action against a municipality, even though by the very nature of things those facts were likely to be obtainable only through post-filing discovery. Although a number of District Judges (including the writer) viewed that result as a solecism, our task as District Judges called for us to adhere to Strauss -- a task akin to that described in stanza 2 of Tennyson's The Charge of the Light Brigade:

> Someone had blundered:
> Theirs not to make reply,
> Theirs not to reason why,
> Theirs but to do and die.

But later developments, more consistent with the notice pleading (not fact pleading) regime dictated by the Rules (see, e.g., Rule 8(a)), have overtaken that unfortunate approach. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993) has made it plain that factual specificity in complaints is not called for except as expressly demanded by Rule 9(b). And adhering to Leatherman's teaching, our Court of Appeals has flatly rejected the kind of position sought to be advanced by Board here. Indeed, the opinion in McCormick v. City of Chicago, 230 F.3d 319, 323-25 (7th Cir. 2000) might well have been written for this case in spelling out in detail why Board's approach here is wrong.[1]

---

[1] Board's Motion at 6 has quoted from Sivard v. Pulaski County, 17 F.3d 185, 188 (7th Cir. 1994) in attempted support of the
(continued...)

2

So when the FAC here alleges that the action of which Brogan complains represented the conduct of policymakers (FAC ¶¶ 15-17), those averments must be taken as gospel for Rule 12(b)(6) purposes. And the same is true of the allegations in FAC ¶ 14, which assert direct failures on Board's part that themselves violated Brogan's constitutional rights.

Nothing said here should of course be taken as an expression of this Court's view as to whether, when this case moves from the pleading stage to the need to provide proof of the FAC's allegations, Brogan will be able to deliver as advertised. For now it suffices that he stays in court on the strength of his allegations, which must be taken as true at this point. Board's motion is denied, and it is ordered to answer the FAC on or before August 10. This Court will retain the previously scheduled 9 a.m. August 22 status hearing.

Milton I. Shadur
Senior United States District Judge

Date: July 30, 2001

---

¹(...continued)
opposite position, one that rejects "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist...." But that quotation was in turn drawn from an opinion issued in the same year as <u>Strauss</u> (1985 was apparently not a good vintage year), and counsel for any municipal body, whose business it is to keep current on such matters, surely ought to be aware that suggestions to that effect are clearly bad law at this time (it is reasonable to expect that <u>McCormick</u> would be required reading in every public law office).